**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| KFI WIND-DOWN CORP., | ) |
| | ) Case No. 23-10638 (LSS) |
| Debtor.[1] | ) |
| | ) |
| | ) |
| KFI WIND-DOWN CORP., | ) |
| | ) Adv. Pro. No. 25-_____ (LSS) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NATIONAL FOAM, INC., ANGUS FIRE | ) |
| LIMITED, and ANGUS INTERNATIONAL | ) |
| SAFETY GROUP LIMITED | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND CLAIMS OBJECTION

KFI Wind-Down Corp. (f/k/a Kidde-Fenwal, Inc.) ("KFI" or the "Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case and plaintiff in this adversary proceeding, by and through its undersigned counsel, hereby brings this Complaint against National Foam, Inc., Angus Fire Limited, and Angus International Safety Group Limited (collectively, "Defendants") and objects to Proof of Claim No. 225, alleging as follows:

### NATURE OF THE ACTION

1.     This is an action for contractual indemnity and related claims.  It arises out of a June 28, 2013 Share and Business Sale Agreement (the "2013 Agreement"),[2] through which KFI

---

[1]     The last four digits of KFI Wind-Down Corp.'s tax identification number are 5282.  The Debtor's corporate headquarters is located at c/o AlixPartners, 909 Third Avenue, New York, NY 10022.

[2]     The 2013 Agreement is attached to this Complaint as Exhibit A.

and its affiliates sold certain AFFF business lines, including the National Foam and Angus Fire AFFF business lines, to Eurostar US Tradeco, Inc. (n/k/a National Foam, Inc., or "New National Foam") and Eurostar Tradeco Limited (n/k/a Angus Fire Limited, or "New Angus Fire").

2.      Under Clauses 2.3.5 and 8.1 of the 2013 Agreement, New National Foam and New Angus Fire (defined by the agreement as the "Business Purchasers") agreed to "assume, duly and punctually pay, satisfy, discharge, perform or fulfill" "all Liabilities for defective products or services sold . . . prior to or following the Closing Date" of the 2013 Agreement, and to "indemnify and keep indemnified" the Business Sellers (defined by the agreement as KFI and its affiliate, Kidde Products Limited) against the same and against any and all losses suffered by the Business Sellers by reason of such Business Sellers taking reasonable action to defend against such assumed liabilities.[3]

3.      To date, thousands of plaintiffs, including municipalities, water system providers, individuals, and state attorneys general have filed lawsuits against KFI and its affiliates alleging that aqueous film forming foam ("AFFF") products attributable to KFI were defective ("AFFF Liabilities") by causing damage to human health and property.  KFI has suffered losses in connection with the defense against such actions and faces liability arising from the same.  The Business Purchasers are contractually obligated to assume and pay for all such losses and liabilities.

4.      New National Foam and New Angus Fire have refused to honor their contractual obligations.  To the contrary, and despite this clear contractual language, their parent company, Angus International Safety Group Limited ("AISG"), filed a proof of claim on behalf of itself and

---

[3]      Ex. A, at Clauses 2.3.5, 8.1.1.  According to Clause 4.1 of the 2013 Agreement, the transaction's Closing Date took place "simultaneously with execution" of the agreement, and thus occurred on June 28, 2013.

its affiliates ("Claim 225") against KFI, claiming that Defendants are the ones entitled to an indemnity under the 2013 Agreement, both for "Litigation Claims" and for "Environmental Claims," as those terms are defined in Claim 225.  By this action, KFI seeks to recover the indemnity owed to it under the 2013 Agreement.  KFI further seeks judgment that Claim 225 be disallowed in its entirety because, among other things, the plain language of the 2013 Agreement does not entitle Defendants to indemnification for "Litigation Claims" and any indemnification claim for "Environmental Claims" is beyond the scope of the applicable provision of the 2013 Agreement pursuant to which Defendants seek indemnification from KFI and, even if viable, would be off-set in its entirety by the contractual indemnity owed to KFI.

## JURISDICTION AND VENUE

5.      This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and includes an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.  This proceeding relates to *In re KFI Wind-Down Corp.*, Case No. 23-10638 (LSS), a chapter 11 proceeding currently pending in this Court.

6.      This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C) and (O), and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012.

7.      This Court has personal jurisdiction over each of the Defendants under Federal Rule of Bankruptcy Procedure 7004(f), as Defendants have filed a proof of claim against KFI in this Court.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1409 because this proceeding arises in a case commenced under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532, and such case is presently pending before this Court.  This is a core

proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C) and (O) and the Court may thus enter a final order or judgment consistent with Article III of the United States Constitution.

9.      Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, KFI states that it consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the U.S. Constitution.

## THE PARTIES

10.     KFI is a Delaware corporation formed in 1987.

11.     New National Foam (f/k/a Eurostar US Tradeco, Inc.) is a Delaware corporation formed in 2013.

12.     New Angus Fire (f/k/a Eurostar Tradeco Limited) is a U.K. private limited company formed in 2013.

13.     AISG (f/k/a Eurostar Holdco Limited) is a U.K. private limited company formed in 2013.

## FACTUAL ALLEGATIONS

14.     AFFF is a highly effective fire suppressant developed and used for the suppression of Class B fires involving flammable liquids such as petroleum, jet fuel, and other liquid hydrocarbons.  From March 8, 2007 until June 28, 2013, KFI owned and operated an AFFF business in the United States under the name National Foam.  KFI manufactured and sold AFFF to various users, including fire departments, airports, and the U.S. military.  An affiliate of KFI, Kidde Products Limited, owned and operated an AFFF business in the United Kingdom under the name Angus Fire.

15.     In June 2013, KFI sold the National Foam AFFF business to New National Foam. As part of the same transaction, KFI's affiliate, Kidde Products Limited, sold the Angus Fire AFFF

business to New Angus Fire.  The portion of the transaction involving National Foam and Angus Fire was structured as an asset sale.  The Transaction closed on June 28, 2013.

16.     The 2013 Agreement provides that the "Business Purchasers," defined as both New National Foam and New Angus Fire, are obligated to indemnify KFI and Kidde Products Limited (the "Business Sellers") for AFFF Liabilities.

17.     Specifically, Clause 8.1.1 provides that "[t]he Business Purchasers shall indemnify and keep indemnified the Business Sellers against:  (i) all Assumed Liabilities; and (ii) any Losses which any of the Business Sellers may suffer by reason of such Business Sellers taking any reasonable action to avoid, resist or defend against any Assumed Liability."

18.     Clause 1.1 sets out the following definitions as relevant to this action:

    A.      "Assumed Liabilities" is defined as "the Liabilities of the Business Sellers (other than the Excluded Liabilities) to be assumed by the Purchasers under or pursuant to Clause 2.3.5."

    B.      "Liabilities" means "all liabilities, duties and obligations of every description, whether deriving from contract, common law, statute or otherwise, whether present or future, actual or contingent, ascertained or unascertained or disputed and whether owed or incurred severally or jointly or as principal or surety."

    C.      "Excluded Liabilities" means "the Liabilities referred to in Clause 2.3.7."

19.     Clause 2.3.5 provides that "Subject to Clause 2.3.7, Clause 10 and paragraph 11.2 of Schedule 12, the Business Purchasers shall with effect from Closing *assume, duly and punctually pay, satisfy, discharge, perform or fulfil:  . . . all Liabilities for defective products or services sold by the Group Businesses prior to or following the Closing Date*."

20.     Clause 2.3.7 sets out the Excluded Liabilities, and provides that "[s]ave as set out in Clause 2.3.5, Clauses 2.3.5 and 2.3.6 shall not apply to, and the Business Purchasers shall not be obliged to assume . . . any Liabilities incurred before Closing or which relate to any period prior to Closing in relation to the Group Businesses including without limitation:  (i) any Liability

expressly reserved to either Business Seller, or specifically excluded, under this Agreement; [and] (ii) any Liability arising from any Purchaser Indemnified Matter (to the extent set out in Clause 10)."

21.     The "Purchaser Indemnified Matters" are set out in Clause 10 and include various defined liabilities, including employee pensions, particular litigation matters, the termination of particular employees, intellectual property and certain other matters such as Pre-Existing Conditions. "Pre-Existing Conditions" is defined by the 2013 Agreement as "any Contamination which gives rise to any Losses suffered by any of the Purchasers in order to comply with any Environmental Law (including common law duties of care) or the requirements of any Environmental Authority having the force of law."

22.     "Contamination" is defined as "the presence on or before the Closing Date of Hazardous Substances in, on or under the soil, groundwater or surface water at the Properties or the Former Properties and/or the migration of such Hazardous Substances from the Properties beyond their boundaries at any time." "Environmental Law" is defined as "all applicable laws (including, for the avoidance of doubt, common law), statutes, regulations, statutory guidance notes (to the extent having the force of law) and final and binding court and other tribunal decisions of any relevant jurisdiction in force in the relevant jurisdiction at Closing whose purpose is to protect, or prevent pollution of, the Environment or to regulate emissions, discharges, or releases of Hazardous Substances into the Environment, or to regulate the use, treatment, storage, burial, disposal, transport or handling of Hazardous Substances." "Environmental Authority" is defined as "any legal person or body of persons (including any government department or government agency or court or tribunal) having jurisdiction to determine any matter arising under Environmental Law and/or relating to the Environment."

23.     Critically, under Clause 10.5.2, "[t]he Sellers and the Purchasers agree that no Purchaser shall be entitled to make any claim" based on Pre-Existing Conditions "for any Losses *incurred after the expiry of 6 years from Closing*."  (Emphasis added.)

24.     Accordingly, Clause 10.5.2 contractually limits what "Losses" qualify as Excluded Liabilities and are covered by Clause 2.3.7 *ab initio* (*i.e.*, by carving out of the definition of Excluded Liabilities any claim of any Pre-Existing Condition for any losses incurred after June 28, 2019).  "Losses" is defined by the 2013 Agreement as "all direct or reasonably foreseeable losses, liabilities, costs (including legal costs and experts' and consultants' fees), charges, expenses, actions, proceedings, claims and demands."

25.     Nothing in Clause 10 concerns AFFF Liabilities for which indemnification is claimed by KFI.

26.     Since the 2013 sale of its AFFF businesses, KFI has been named in over 5,700 lawsuits relating to its AFFF products, alleging personal injury, property damage and various government claims.  These lawsuits all have one thing in common:  They allege that National Foam AFFF was defective.  In 2018, many of these lawsuits were consolidated into a multidistrict litigation in the District of South Carolina, captioned as *In Re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2-18-mn-2873-RMG (the "AFFF MDL").  Lawsuits raising AFFF claims continue to be filed against KFI and its affiliates.

27.     KFI defended these lawsuits at great cost in the form of attorneys' fees among other fees and costs.

28.     As required by Clause 8.2.1 of the 2013 Agreement, on December 2, 2016, and in subsequent notices, KFI gave notice of the lawsuits against it to Defendants in order to claim indemnification.

29.      In response, Defendants denied liability under the 2013 Agreement.  Defendants claimed that KFI's AFFF Liabilities were Excluded Liabilities.  In so doing, Defendants ignored the plain language of the 2013 Agreement, including the fact that the indemnity in Clause 2.3.5 applies to "all Liabilities for defective products or services sold by the Group Businesses prior to or following the Closing Date."

30.      In addition, Defendants later sought indemnification from KFI, claiming that KFI was obligated to indemnify them under the 2013 Agreement for Defendants' losses in connection with AFFF lawsuits brought against them.  Defendants claimed that these alleged losses were subject to indemnification by KFI under Clause 8.1.2, which entitles them to indemnification for Excluded Liabilities.

31.      The parties entered into a standstill and variation agreement on February 22, 2019 (the "2019 Agreement").  Under Section 2.1 of the 2019 Agreement, the parties agreed not to issue proceedings against each other in connection with the "Dispute," *i.e.*, the Business Sellers' allegation that "pursuant to Clause 8.1.1 of the [2013 Agreement], the Business Purchasers must provide an indemnity for all losses arising out of the US Litigation or similar litigation in the United States of America that may be filed in the future," and New National Foam and New Angus Fire's allegation that "pursuant to Clause 8.1.2 of the [2013 Agreement], the Business Sellers must provide an indemnity for all losses arising out of the US Litigation or similar litigation in the United States of America that may be filed in the future."  It also provided that "time will be suspended from the date of [the 2019 Agreement] until" "7 days after the service by any Party of a notice stating that the running of time is to recommence" and that "no Party shall raise any Limitation Defence that relies on time running during" the period of suspension.  "Limitation

Defence" means "any defence or argument based on limitation, time bar, laches, delay or related issue."

32.    The 2019 Agreement nowhere references Clause 10 of the 2013 Agreement, although it specifically and elsewhere provides for variations of other particular clauses. Nor does it impose any variation on Clause 10.5.2's contractual limitation that New National Foam must have "incurred" losses for Pre-Existing Conditions to comply with an Environmental Law or Authority within *six years* for such losses to qualify as Excluded Liabilities *ab initio*.

33.    The 2019 Agreement provided that the standstill provision (*i.e.*, the agreement to suspend time) could be terminated by either party upon seven days' notice. KFI gave written notice of the termination of the standstill provision on February 6, 2025.

34.    For several years following the 2019 Agreement, KFI continued to defend the AFFF lawsuits, incurring further losses in doing so, but the prospect of catastrophic liability if even a small number of them succeeded caused KFI to petition for bankruptcy in this Court on May 14, 2023. By a Stock and Asset Purchase Agreement dated April 4, 2024, KFI sold substantially all of its assets to Pacific Erin Opco, LLC free and clear of AFFF liabilities.

35.    On November 10, 2023, AISG filed Claim 225 on behalf of itself and its affiliates and subsidiaries, which include New National Foam and New Angus Fire. Claim 225 seeks damages for "Litigation Claims" relating to losses arising from defending AFFF lawsuits. Claim 225 also seeks damages for "Environmental Claims" relating to "Pre-Existing Conditions" for "Contamination" of four properties conveyed under the 2013 Agreement.

36.    Based on information and belief, neither New National Foam nor New Angus Fire has actually incurred any costs or losses as to any of the four properties conveyed under the 2013 Agreement that qualifies as indemnifiable under the 2013 Agreement. Instead, the amounts

claimed are based on consultant estimates of potential future losses. New National Foam and New Angus Fire have not been required under any "Environmental Law" or by any "Environmental Authority" to remediate the properties (including for any applicable law in force at the time the 2013 Agreement closed).

37.     Defendants have continued to disclaim any obligation to indemnify Plaintiff in connection with AFFF Liabilities.

## COUNT I (BREACH OF CONTRACT)

34.     KFI re-alleges and incorporates each of the foregoing allegations as if fully set forth herein.

35.     KFI and Defendants entered into the 2013 Agreement, a binding agreement between them.

36.     Except as not required to do so by the 2019 Agreement, KFI has performed all conditions precedent and all duties required of it under the terms of the 2013 Agreement.

37.     New National Foam and New Angus Fire breached the 2013 Agreement by refusing to indemnify KFI for the AFFF Liabilities it has incurred and continues to incur, including by refusing to pay KFI for the costs it has incurred and continues to incur in defending against such liabilities.

38.     As a result, KFI has suffered damages in an amount to be assessed at trial, including consequential damages and those relating to the loss of its entire business.

## COUNT II (SPECIFIC PERFORMANCE)

39.     KFI re-alleges and incorporates each of the foregoing allegations as if fully set forth herein.

40.     Under the clear terms of the 2013 Agreement, New National Foam and New Angus Fire must indemnify KFI for "all Liabilities for defective products."

41.     Despite this, New National Foam and New Angus Fire have refused and disclaimed any obligation to do so.

42.     KFI will continue to accrue damages in connection with these liabilities as its bankruptcy continues.  Accordingly, KFI is entitled to specific performance of the 2013 Agreement and/or damages to be assessed at trial.

**COUNT III (DECLARATORY RELIEF)**

42.     KFI re-alleges and incorporates each of the foregoing allegations as if fully set forth herein.

43.     KFI seeks a judicial determination and declaration of its contractual rights under the 2013 Agreement under 28 U.S.C. § 2201.

44.     Specifically, KFI seeks a declaratory judgment stating that KFI is entitled to indemnification from New National Foam and New Angus Fire and that Defendants are obligated to indemnify KFI against the AFFF Liabilities and all losses suffered by the Business Sellers by reason of such Business Sellers taking reasonable action to defend against such assumed liabilities, and that Defendants must "assume, duly and punctually pay, satisfy, discharge, perform or fulfill" "all Liabilities for defective products or services sold . . . prior to or following the Closing Date" of the 2013 Agreement.

45.     KFI also seeks a declaratory judgment stating that, to the extent that it is later determined at trial that amounts are owed by KFI to Defendants on account of Claim 225, pursuant to section 558 of the Bankruptcy Code and applicable English law, KFI is entitled to set off the damages KFI suffered as a result of Defendants' breaches of contract and failure to pay the indemnities owed against KFI's liability under Claim 225.

46.     There is an actual controversy within the jurisdiction of the Court between KFI and New National Foam and New Angus Fire with respect to this matter because KFI has asserted, and

Defendants have denied, KFI's right to indemnification under the Agreement, and Defendants have not indemnified or paid KFI for the losses it has incurred to date as they are obligated to do. Furthermore, New National Foam and New Angus Fire have filed Claim 225, which, if allowed, would subvert KFI's right to indemnification.

## OBJECTION I TO CLAIM 225 (LITIGATION CLAIMS)

46.     KFI re-alleges and incorporates each of the foregoing allegations as if fully set forth herein.

47.     KFI and Defendants entered in the 2013 Agreement, a binding agreement between them.

48.     Claim 225 seeks, among other things, damages for "Litigation Claims" relating to losses incurred by New National Foam and New Angus Fire, with respect to defending thousands of AFFF lawsuits, largely in the AFFF MDL.

49.     These damages are not "Excluded Liabilities" under the 2013 Agreement.  KFI is therefore not obligated to indemnify New National Foam and New Angus Fire for litigation costs arising therefrom.

50.     KFI hereby objects to Claim 225 pursuant to 11 U.S.C. § 502 on the ground that it should be disallowed to the extent of not less than $10,957,186.49, the amount identified in the claim, and further disallowed to the extent further losses are claimed that are "Litigation Claims."

## OBJECTION II TO CLAIM 225 (ENVIRONMENTAL CLAIMS)

51.     KFI re-alleges and incorporates each of the foregoing allegations as if fully set forth herein.

52.     KFI and Defendants entered into the 2013 Agreement, a binding agreement between them.

53.     Claim 225 seeks, among other things, damages for "Environmental Claims" relating to losses allegedly incurred (or that may be incurred in the future) by New National Foam and New Angus Fire in connection with certain properties transferred under the 2013 Agreement.

54.     Claim 225 was filed on November 10, 2023.

55.     Claim 225 expressly relies on Clause 10 (and, in particular, Clauses 10.1.16 and 10.2) of the 2013 Agreement to assert an alleged right of indemnity.

56.     These claims are definitionally barred by Clause 10.5.2(i) of the 2013 Agreement. That Clause provides:  "The Sellers and the Purchasers agree that no Purchaser shall be entitled to make ***any claim*** under Clause 10.1.16 in respect of ***any*** Pre-Existing Condition . . . ***for any Losses incurred after the expiry of 6 years from Closing***."   Claim 225 does not identify or seek compensation on account of any losses incurred on or before the closing date of June 28, 2013, and none of the purported losses that Claim 225 asserts qualify as indemnifiable Excluded Liabilities.

57.     The 2019 Agreement paused limitations defenses related only to the "Dispute" (*i.e.*, New National Foam and New Angus Fire's allegation that, under Clause 8.1.2 of the 2013 Agreement, KFI must provide an indemnity for losses arising out of the U.S. AFFF litigation). Whether a Pre-Existing Condition loss qualifies under the terms of the 2013 Agreement as an Excluded Liability *ab initio* does not concern the Dispute related to Clause 8.1.2; it is instead determined by Clause 10.  Clause 10 was not altered, affected, or waived in any manner by the language of the 2019 Agreement.

58.     These claims are also barred under the 2013 Agreement because they do not qualify as "Pre-Existing Conditions."  A "Pre-Existing Condition" only includes "Losses suffered" "in order to comply with any Environmental Law . . . or the requirements of any Environmental

Authority."  "Environmental Law" is limited to "all applicable laws . . . *in force in the relevant*

*jurisdiction at Closing* . . ."  No applicable or binding laws were in force in any of the relevant

jurisdictions at Closing that caused Defendants to suffer losses for Pre-Existing Conditions related

to PFAS.  "Environmental Authority" is defined as "any legal person or body of persons (including

any government department or government agency or court or tribunal) having jurisdiction to

determine any matter arising under Environmental Law and/or relating to the Environment."  No

such authorities have required New National Foam or New Angus Fire to incur losses.  Defendants'

alleged losses instead are based on consultant estimates of potential future losses that have not

been incurred and may never be incurred.

59.    KFI hereby objects to Claim 225 pursuant to 11 U.S.C. § 502 on the ground that it

should be disallowed to the extent of not less than $69,434,282.73, the amount identified in the

claim, and further disallowed to the extent further losses are claimed that are "Environmental

Claims."

**PRAYER FOR RELIEF**

WHEREFORE, KFI respectfully requests that this Court enter an order of judgment

granting all relief requested herein, and/or allowed at law or in equity, including:

A.    Damages, including consequential damages, to be assessed at trial;

B.    The costs and legal fees that KFI has expended defending itself from AFFF

Liabilities;

C.    A declaratory judgment stating that (i) KFI is entitled to, and New National

Foam and New Angus Fire are obligated to provide, indemnification against all AFFF Liabilities

and payment for all costs defending from such liabilities, that have been, or are in the future,

incurred, and (ii) to the extent KFI is found to owe any amount to Defendants under Claim 225,

KFI is entitled to set off the damages KFI suffered as a result of Defendants' failure to indemnify and pay the indemnitees against any such liability;

      D.      Specific performance of the 2013 Agreement;

      E.      A judgment that Claim 225 be disallowed;

      F.      Attorneys' fees and costs;

      G.      Such other and further relief as the Court may deem reasonable, just and proper, in its discretion.

Dated: February 13, 2025
Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Daniel B. Butz*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
E-mail: dabbott@morrisnichols.com
          aremming@morrisnichols.com
          dbutz@morrisnichols.com
          tmann@morrisnichols.com

-and-

**SULLIVAN & CROMWELL LLP**
Robert J. Giuffra, Jr. (pending *pro hac vice*)
Andrew G. Dietderich (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Justin J. DeCamp (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: giuffrar@sullcrom.com
          dietdericha@sullcrom.com
          gluecksteinb@sullcrom.com
          decampj@sullcrom.com

*Counsel for the Debtor and Debtor-in-Possession*